1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shizue S White,<br><br>Plaintiff,<br><br>v.<br><br>Nationstar Mortgage LLC, et al.,<br><br>Defendants. | No. CV-17-01569-PHX-DGC<br><br>**ORDER** |

Pro se Plaintiff Shizue White filed a complaint against Defendants Nationstar Mortgage LLC ("Nationstar") and Clear Recon Corp. ("Clear Recon"), alleging violations of A.R.S. §§ 33-808 and 33-809(C). Doc. 1-1 at 3-9.[1] Defendants now move for summary judgment. Docs. 34, 39. The motion is fully briefed and oral argument will not aid the Court's decision. Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For the reasons stated below, the Court will grant the motion.

**I.    Background.**

The following facts are undisputed. Plaintiff obtained a loan on March 22, 2007, secured by a deed of trust on Plaintiff's Sun City, Arizona, property ("Sun City property"). Doc. 35 ¶¶ 1-3. The loan has been in default since 2012. Doc. 37 ¶ 11.

---

[1] Citations are to page numbers attached to the top of pages by the Court's ECF system, not to original numbers at the bottom of pages.

Nationstar became the servicer of the loan on July 1, 2012 (*id.* ¶ 12), and Clear Recon became the trustee in 2014 (*id.* ¶ 17).

Clear Recon recorded notice of a trustee's sale on July 15, 2016, and scheduled the sale for October 19, 2016. Doc. 38 ¶ 13; Doc. 38-1 at 37-38. Clear Recon continued the sale three times, but "provided notice of the new sale date [each time] by public declaration at the time and place appointed for the sale." Doc. 38 ¶¶ 15-17. The third continuance scheduled the sale for April 5, 2017. *Id.* ¶ 17. Clear Recon sold the Sun City property at the trustee's sale on that date. Doc. 38-1 at 78-79.

**II. Legal Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III. Discussion.**

Plaintiff alleges that Defendants failed to comply with A.R.S. §§ 33-808 and 33-809(C) before selling the Sun City property. Doc. 1-1 at 3-9.

**A. Posting a Notice.**

Section 33-808 requires the trustee to "give written notice of the time and place of sale legally describing the trust property to be sold" by "[p]osting a copy of the notice of

sale, at least twenty days before the date of sale in some conspicuous place on the trust property to be sold." A.R.S. § 33-808(A)(3). Plaintiff alleges that Defendants failed to post a notice of the trustee's sale before selling the Sun City property. Doc. 1-1 at 7-8.[2]

Nationstar contends that it is entitled to summary judgment because it is the loan servicer, not the trustee. Doc. 34 at 7. Section 33-808 imposes the posting requirement on the trustee, not the loan servicer. Nationstar presents evidence of its status as loan servicer (Doc. 37 at 12), and Plaintiff appears to concede this fact (Doc. 1-1 at 6; Doc. 41 at 5). The Court therefore finds that Nationstar is entitled to judgment as a matter of law on this claim.

Clear Recon contends that it complied with the requirements of § 33-808. Doc. 34 at 7. Clear Recon presents (1) evidence that it posted notice on August 8, 2016, of a trustee's sale scheduled for October 19, 2016 (Doc. 38 ¶ 13(c)(i-ii); Doc. 38-1 at 74); (2) a copy of the notice it posted (Doc. 38-1 at 74-76); and (3) a photograph of the notice posted on the garage door of the Sun City property (*id.*). To controvert these factual assertions, Plaintiff offers a single sentence in her personal declaration: "There was never a notice posted to the [Sun City property] notifying me of the April 5, 2017 foreclosure sale that took place on the [Sun City property]." Doc. 41 at 10.

Plaintiff's declaration is insufficient to create a genuine issue of material fact. "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *see also C.F.P.B. v. Gordon*, 819 F.3d 1179, 1194 (9th Cir. 2016). "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." *Hansen v. United*

---

[2] Plaintiff's response identifies content requirements for the posted notice, but neither the response nor the complaint alleges that the notice's contents were insufficient. Doc. 1-1 at 7-8; Doc. 41 at 6-7. Plaintiff instead alleges that Defendants never posted a notice at all. *Id.*

- 3 -

*States*, 7 F.3d 137, 138 (9th Cir. 1993). The Court accordingly finds that Clear Recon is entitled to judgment as a matter of law on this claim.[3]

### B. Mailing a Notice.

Under § 33-809(C), the "trustee, within five business days after the recordation of a notice of sale, shall mail by certified or registered mail, with postage prepaid, a copy of the notice of sale to each of the persons who were parties to the trust deed except the trustee." A.R.S. § 33-809(C). Plaintiff alleges that Defendants failed to mail a notice of the trustee's sale before selling the Sun City property. Doc. 1-1 at 7.[4]

Nationstar is entitled to summary judgment because it is the servicer, not the trustee. Doc. 34 at 6. Section 33-809(C) imposes the mailing requirement on the trustee.

Clear Recon contends that it complied with the requirements of § 33-809(C). Doc. 34 at 6. Clear Recon recorded notice of the trustee's sale on July 15, 2016. Doc. 38-1 at 37-38. Clear Recon presents (1) evidence that it sent Plaintiff a notice by certified mail four days later on July 19, 2016 (Doc. 38 ¶ 13(a)(i); Doc. 38-1 at 40 (affidavit of mailing), 50 (mailing invoice)); (2) a copy of the notice it sent to Plaintiff's address, which identifies the sale date as October 19, 2016 (Doc. 38-1 at 41-45); and (3) tracking information that confirms the notice's delivery on July 22, 2016, to an individual at the Sun City property (*id.* at 51-70). Plaintiff offers a single sentence in response: "I never received a mailing notifying me of the April 5, 2017 foreclosure sale that took place on the property . . . ." Doc. 41 at 10.

Plaintiff's declaration is insufficient to create a genuine issue of material fact. *Hansen*, 7 F.3d at 138 (finding no issue of fact where movant presented specific evidence

---

[3] Plaintiff does not allege that Clear Recon violated A.R.S. § 33-810(B). Doc. 1-1 at 3-9. That statute authorizes postponements of a trustee's sale, but requires the seller to give "notice of the new date, time and place by public declaration at the time and place last appointed for the sale." A.R.S. § 33-810(B). Clear Recon presents uncontroverted testimony that it complied with this requirement. Doc. 38 ¶¶ 15-17. "No other notice of the postponed, continued or relocated sale is required . . . ." A.R.S. § 33-810(B).

[4] Plaintiff's response identifies content requirements for the mailed notice, but neither the response nor the complaint alleges that the notice's contents were insufficient. Doc. 1-1 at 7; Doc. 41 at 5-6. Plaintiff instead alleges that Defendants never mailed a notice. *Id.*

- 4 -

of mailing and nonmovant presented only a denial of receipt). Plaintiff does not dispute that Clear Recon sent the notice, and that is all the statute requires. Even if Clear Recon had to prove receipt, it presents evidence that an individual at the Sun City property received the notice. Plaintiff's "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *Publ'g Clearing House*, 104 F.3d at 1171.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Doc. 34) is **granted**.
2. The Clerk shall **enter judgment** in favor of Defendants and **terminate** this action.

Dated this 11th day of April, 2018.

_____
David G. Campbell
United States District Judge